CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 31 2012

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY DARNELL COLEMAN, | CASE NO. 7:12CV00025 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| WESTERN VIRGINIA REGIONAL JAIL, SUPERINTENDENT CHARLES I. POFF, JR., | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendants. | |

Larry Darnell Coleman, a former Virginia inmate proceeding pro se,[1] filed this civil rights action pursuant to 42 U.S.C. § 1983. Coleman alleges in his complaint that while he was incarcerated at the Western Virginia Regional Jail ("the jail"), jail officials knowingly failed to provide safe bunk beds for inmates, in violation of Coleman's constitutional rights, and that as a result, Coleman fell and was injured. The court finds that these allegations fail to state any claim actionable under § 1983 and summarily dismisses the complaint.

I

Coleman alleges the following sequence of events on which he bases his claims. When he arrived at the jail, he found the bunk bed arrangement to be challenging. The beds had no ladders, and no tables, chairs or other items close enough to assist an inmate attempting to climb into the top bunk. Coleman asked to be assigned to a bottom bunk because of his age, height, weight, and medical conditions. An officer informed him that no bottom bunk was available at that time, so Coleman was assigned to a top bunk. When he attempted to claim a bottom bunk

---

[1] Coleman is currently incarcerated in New Jersey.

without authorization, officers reprimanded him and assigned that bottom bunk to another inmate.

To reach the top bunk, Coleman had to stand on the side of the bottom bunk, hold the side of the top bunk, jump, and hoist his free leg onto the top bunk. While exercising this bunk-mounting procedure on April 11, 2012, Coleman slipped and fell to the floor, injuring his back. Coleman later had surgery to remove two discs from his spine and continues to have problems with his back to this day.

Coleman sues the jail and Mr. Poff, its superintendent, asserting that Mr. Poff should have foreseen that the bunk bed design was unsafe. Coleman seeks monetary damages for his pain, suffering, and future medical expenses.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Where plaintiff's "[f]actual allegations [are not] enough to raise a right to relief above the speculative level," to one that is "plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), the complaint may be summarily dismissed. In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

Colman first names the jail as a defendant. The jail is not a "person" and is not amenable to suit under § 1983. See, e.g., Preval v. Reno, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71

2

(1989). Therefore, all claims against the jail must be summarily dismissed as legally frivolous, pursuant to § 1915A(b)(1).

A complaint that fails to allege specific conduct undertaken by each defendant official, personally, in violation of plaintiff's constitutional rights does not provide factual basis for a § 1983 claim. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Moreover, an official cannot be held automatically liable for violations of plaintiff's rights through the actions of subordinate officials. Id. (finding that doctrine of respondeat superior is inapplicable to §1983 actions).

Coleman names the jail's superintendent, Mr. Poff, as a defendant asserting that, in his supervisory role, Mr. Poff should have known that hard metal bunks without ladders for access to the top bunk were dangerous to inmates. Coleman does not allege any facts indicating that Mr. Poff was personally involved in choosing the bunk bed design or that he was aware that the bed design presented a significant danger to inmates. Fisher, supra. Most importantly, Coleman does not contend that Mr. Poff had any role in determining that Coleman would be assigned to an upper bunk despite his request to be assigned to a lower bunk. Because Mr. Poff cannot be held automatically liable under § 1983 for injuries inmates suffer in his jail, id., Coleman's claims against the superintendent must be dismissed under § 1915A(b)(1).

Indeed, the court is satisfied that Coleman's fall from the bunk does not give rise to a constitutional claim against anyone. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To prove a constitutional claim related to an unsafe jail condition, Coleman must show that one or more prison officials acted with deliberate indifference–that they knew, subjectively, the condition presented a

3

substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994).

Coleman's complaint fails to make the required showing of deliberate indifference by anyone at the jail. Coleman alleges no facts showing that officials knew before Coleman fell that the lack of access ladders on the bunks posed an excessive risk of serious harm to anyone. Indeed, officers reasonably could have believed that inmates would know to use caution when climbing into and out of upper bunks in order to avoid falls. Possible negligence by officials, in failing to foresee that someone might be seriously injured when attempting to enter the top bunks, simply does not give rise to any constitutional claim actionable under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). While the court certainly sympathizes with Coleman regarding his ongoing back problems, his allegations simply do not give rise to a constitutional claim actionable against anyone under § 1983, and for that reason, his complaint must be dismissed without prejudice under § 1915A(b)(1) as legally frivolous.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of January, 2012.

*/s/ Glen Conrad*
Chief United States District Judge